KHOUZAM, Judge.
The State appeals from the trial court’s order granting Sharon Laverne McCullough’s motion to suppress evidence seized following her arrest. Because the search of McCullough’s car was illegal under the United States Supreme Court’s holding in Arizona v. Gant, 556 U.S. 332, 129 S.Ct. 1710, 173 L.Ed.2d 485 (2009), we affirm.
McCullough was arrested during a “warrant round-up.” The arresting officer executed the warrant after McCullough pulled into her private driveway. She had already exited her vehicle and locked her door when the officer approached her. After McCullough locked the vehicle door, the officer effectuated the arrest under the outstanding warrant by instructing her to put her hands behind her back for handcuffing. Before being handcuffed, McCullough threw her vehicle keys to her son, who entered the residence at which the car was parked. McCullough was then escorted into the patrol car “without incident.”
After the officer placed McCullough in his car, he again approached her vehicle and confirmed that it was locked. No evidence was presented that the officer could see any contraband or evidence of any crime inside the car. The officer then went to the door of the home and instructed McCullough’s son to give him the keys. After McCullough’s son complied with this instruction, the officer returned to the vehicle, unlocked it using McCullough’s key, and conducted a search inclusive of McCullough’s purse that was inside the car. The search revealed cash, marijuana, and cocaine inside McCullough’s purse.
McCullough filed a motion to suppress these items as well as any statements *400 made, arguing that the officer did not have probable cause to search her car. At the hearing, no facts were presented regarding any underlying basis for the issuance of the warrant and the warrant itself was not even admitted into evidence. The only evidence presented was that the warrant had been issued four to five months prior to McCullough’s arrest for an alleged sale of cocaine. The trial court granted McCullough’s motion, finding the search of McCullough’s vehicle to be in violation of Gant because the lack of “independent corroborative evidence relating back to the underlying substantive offense” rendered it unreasonable to believe that her vehicle contained evidence of an offense allegedly committed months prior.
The State argues on appeal that because the offense underlying the outstanding arrest warrant was drug-related, it necessarily follows that a search of McCullough’s vehicle incident to that arrest was per se reasonable and no further analysis is appropriate. In support of this argument, the State points to Brown v. State, 24 So.3d 671, 677 (Fla. 5th DCA 2009), which “specifically rejected] Appellant’s argument that the search was not justified because there was no evidence, apart from the offense of arrest, connecting the crime to the vehicle.” But because Brown is factually distinguishable and its reasoning appears to be contrary to Gant, we decline to follow it.[1]
Gant holds that “[pjolice may search a vehicle incident to a recent occupant’s arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest.” 129 S.Ct. at 1723. Because it is undisputed that McCullough was secured in handcuffs in the arresting officer’s patrol car when her car was searched, this case concerns only the second prong of Gant’s holding. Accordingly, the search can withstand constitutional scrutiny only if it was reasonable to believe McCullough’s vehicle contained evidence of the offense underlying her arrest.
The Bromi court interpreted Gant’s second prong to mean that the nature of the charge for which the defendant is arrested is “determinative of whether there exists a reasonable basis to search for evidence, not whether there is some independent evidence that gives rise to a belief that the particular vehicle contains evidence.” 24 So.3d at 678. Brown thus establishes two categories of crimes: those for which no evidence can be found within the vehicle, and those for which it is always reasonable to believe evidence may be found within the vehicle. Unfortunately, this analysis necessarily disregards the circumstances of the arrest and any other facts making it unreasonable to believe that the vehicle contains evidence of the arrest, so long as the offense itself is a type that “might yield physical evidence.” Id. at 681. Therefore, under Brown, the only fact relevant to the constitutionality of a search of a vehicle recently occupied by a now-secured arrestee is the charge itself.
If this reasoning is accurate, then an arrest warrant for a single sale of perishable contraband would authorize a search of the arrestee’s vehicle at any time, whether days, months, or even years later, despite the fact that it may not be reasonable to believe any evidence of the original illegal act remained. We do not believe this is what the Supreme Court envisioned when it explicitly conditioned the search of a secured arrestee’s vehicle on a reasonable *401 belief that evidence of the underlying offense exists inside.
• McCullough’s warrant was issued four to five months prior to her arrest, and the record is devoid of any evidence whatsoever suggesting that the sale of cocaine she allegedly committed months before her arrest was still taking place or that the car was involved in that sale. Further, from his lawful standpoint outside the vehicle, the officer observed no contraband, weapons, or any other evidence which would support a reasonable belief that evidence from an offense committed at least four months prior — at an unknown location— would exist inside McCullough’s vehicle at the time of her arrest.
This lack of any information, beyond the mere existence of a warrant issued months prior, also distinguishes these facts from Brown, where the officer immediately observed a woman’s wallet on the seat of the car that the defendant, a male with two outstanding warrants for theft, had just been driving.[2] If, as in Brown, the officer who arrested McCullough had observed something during the encounter making it reasonable to believe that evidence of the offense of arrest might be found in the vehicle, the outcome would be different. But because no such evidence was presented, the search was unreasonable under Gant.
The order granting McCullough’s motion to suppress is affirmed, and to the extent the reasoning of this opinion conflicts with Brown, we certify conflict.
Affirmed.
WHATLEY and BLACK, JJ., Concur.

. We note that this is not the first court to disagree with the reasoning employed in Brown. See U.S. v. Reagan, 713 F.Supp.2d 724, 732 (E.D.Tenn.2010) (specifically "disagreeing] with the Brown interpretation of Gant").

. Notably, the Brown court did not rely on this fact in reaching its conclusion, instead focusing on the "nature of the charge” analysis described above.